# United States Court of Appeals
# For the First Circuit

## No. 22-1670

ANGEL A. PERALES-MUNOZ; HELIRIS ROMAN-RODRIGUEZ, CONJUGAL PARTNERSHIP PERALES-ROMAN,

Plaintiffs - Appellants,

v.

UNITED STATES,

Defendant - Appellee,

PHILIP S. CRANE; DOCUMENT AND PACKAGING BROKERS, INC.,

Defendants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HONORABLE JAY A. GARCIA-GREGORY
US DISTRICT JUDGE, PRESIDING

**APPELLANTS' REPLY BRIEF**

P. O. Box 22763, UPR Station        GUILLERMO RAMOS LUIÑA
San Juan, PR 00931-2763                        USCA NO. 20918
Tel. 787-620-0527                          gramlui@yahoo.com
Fax 787-620-0039

# TABLE OF CONTENTS

**Brief Cover** i

**Table of Contents** ii

**Table of Authorities** iii

**I. Introduction** ................................................... 1

**II. Summary of Argument** ................................... 1

**III. Discussion** .................................................... 2

    **A. Oral argument should be held**................... 2

    **B. The discretionary function doctrine is inapplicable to this case** ............................... 3

**IV. Conclusion** ..................................................... 8

**V. Certificate of Compliance**................................ 8

**VI. Certificate of Service** ..................................... 8

**Signature** ............................................................. 8

# TABLE OF AUTHORITIES

**STATUTES AND REGULATIONS** **Pages**

Army Regulation 195-2 .................................................... 5

First Circuit Local Rule 34(a)(1) ....................................... 2

Posse Comitatus Act ....................................................... *Passim*


**CASES** **Pages**

*Applewhite v. U.S. Air Force,*
   995 F.2d 997, 1001 (10th Cir. 1993) ........................... 6

*Birnbaum v. U.S.,*
   588 F.2d 319, 329 (2nd Cir. 1978) .............................. 4

*Denius v. Dunlap,*
   330 F.3d 919, 926-27 (7th Cir. 2003) ......................... 7

*Gent v. CUNA Mut. Ins. Soc'y,*
   611 F.3d 79, 84 n.5 (1st Cir. 2010) ............................ 7

*Hatahley v. United States,*
   351 U.S. 173, 181 (1956) ........................................... 4

*Kelly v. United States,*
   924 F.2d 355, 362 (1st. Cir. 1991) .............................. 3

*Red Lake Band of Chippewa Indians v. United States,*
   800 F.2d 1187, 1196 (D.C. Cir. 1986) ........................ 2, 4

*United States v. Alvarado,*
   2014 WL 12785138 (D.N.M. 2014) ............................. 5

*US v. Chon,*
 210 F.3d 990 (9th Cir. 2000) ........................................  6

**OTHER AUTHORITIES**                                    **Pages**

Army initiates corrections to criminal database,
 *https://www.army.mil/article/261694/army_initiates_corrections_to_criminal_database* ............................  7

**COME NOW** Plaintiffs-Appellants Angel Perales-Muñoz (hereinafter "Perales-Muñoz"), Heliris Román-Rodríguez (hereinafter "Román-Rodríguez"), and the Perales-Román Conjugal Partnership (hereinafter collectively "Appellants"), by and through their undersigned counsel, and respectfully state and pray:

## I. Introduction

In this *Reply Brief* Appellants will address certain statements and arguments made in the *Appellee's Brief* regarding oral argument and the discretionary function exception. Appellants will not address herein the exhaustion issue since they deem that the Appellee does not raise any argument that was not anticipated or refuted in their *Opening Brief*.

## II. Summary of the Argument

The Appellee claims that oral argument should not be held in this case premised on a mere believe that it is not necessary. Appellants note that said belief runs contrary to the general rule that vouches for oral argument in all cases and should be rejected.

As to the merits of the instant appeal, Appellants posit that the Appellee's reliance on the discretionary function exception since the military law enforcement officers that investigated Mr. Perales-

Muñoz, a civilian, acted outside the scope of their jurisdiction. Appellants further contend that the exception cannot serve trump the outright prohibition enacted by the Posse Comitatus Act (hereinafter "PCA") against the use of military personnel in civilian law enforcement. Finally, Appellants argue that the decisions cited by the Appellee to defend the mistaken conclusion reached by the court below are inapposite and do not contest the central issue raised in this case to the effect that that "[a]n employee of the government acting beyond his authority is not exercising the sort of discretion the discretionary function exception was enacted to protect." *Red Lake Band of Chippewa Indians v. United States*, 800 F.2d 1187, 1196 (D.C.Cir.1986).

### III.  Discussion

**A. Oral argument should be held.**

The Appellee submits that it does not believe that oral argument would be necessary without explaining why. Appellants respectfully disagree.

The general rule is that oral argument must be allowed in all cases. First Circuit Local Rule 34(a)(1). Statements made in oral arguments are generally used as an important basis for the decisions

of this Court. Therefore, the appellate procedural rules stem from the core premise that oral argument is an integral part of the appeal and that the decisional process is aided by oral argument.

Since the Appellee has not advanced any concrete reason that would justify a departure from the general rule, oral argument should be held in this case.

### B. The discretionary function doctrine is inapplicable to this case.

Citing to *Kelly v. United States*, 924 F.2d 355, 362 (1st. Cir. 1991), the Appellee contends that the discretionary function doctrine applies in this case because "decisions to investigate, or not, are at the core of law enforcement activity" and "involve[] precisely the kind of policy-rooted decisionmaking that [the exception] was designed to safeguard." Yet, the Appellee overlooks the fact that *Kelly* does not address, much less answer, the central question posed by this appeal, to wit, whether the Army Criminal Investigation Command (hereinafter "CID"), a military law enforcement agency, could investigate Mr. Perales-Muñoz, who at all pertinent times to this action acted as an independent contractor for a private company,

Document and Packaging Brokers, Inc., commonly known as "Docupak".

Appellants emphasize that "a discretionary function can only be one within the scope of authority of an agency or an official, as delegated by statute, regulation, or jurisdictional grant." *Birnbaum v. U.S.*, 588 F.2d 319, 329 (2nd Cir. 1978) ((holding that the discretionary function exception did not apply to the CIA's collection of intelligence with respect to domestic security matters because the CIA's statutory mandate was limited to collecting foreign intelligence). *See also Hatahley v. United States*, 351 U.S. 173, 181 (1956) (holding that an agent acting outside his delegated authority is not protected by the discretionary function exception); and *Red Lake Band of Chippewa Indians v. United States*, 800 F.2d 1187, 1196 (D.C.Cir.1986) (holding that a "decision cannot be shielded from liability if the decisionmaker is acting without actual authority").

Ultimately, the Appellee never refutes Appellants' central contention to the effect that "[a]n employee of the government acting beyond his authority is not exercising the sort of discretion the discretionary function exception was enacted to protect." *Id.*

In the *Opening Brief*, Appellants discussed in detail the historical roots of the Posse Comitatus Act (hereinafter "PCA"), its tradition, purpose and unequivocal prohibition to the use of military personnel in civilian law enforcement. *See Opening Brief* at pp. 10-13. Given that prohibition, which Army Regulation 195-2 recognizes and does not seek to undo or circumvent, the discretionary function exception does not and cannot come into play in this case. Otherwise, the PCA would become a dead law.

Cognizant of the PCA's prohibition, the Appellee cites three (3) decisions for the proposition that military law enforcement agents may assist civilian law enforcement where there is an "independent military purpose" for doing so. *Appellee's Brief* at pp. 14-15. But all the decisions cited, except for *US v. Alvarado*, 2014 WL 12785138 (D.N.M. 2014), whose inapplicability and faulty analysis was dissected in the *Opening Brief* at pp. 21-25, pertain to factual situations where the military law enforcement agents were acting off-base in the pursuit of suspected criminal activity that had either occurred within military facilities or been committed by enlisted military personnel.

For example, in *US v. Chon*, 210 F.3d 990 (9th Cir. 2000), NCIS agents, working in conjunction with the Honolulu Police Department and the FBI, investigated the breaking into the Navy Public Works Center in Honolulu, Hawaii, the robbery of two (2) flatbed trucks, spools of copper wire, and other military equipment, and the subsequent sale of the stolen wire to the owner of an off-base recycling center. In *Applewhite v. U.S. Air Force*, 995 F.2d 997, 1001 (10th Cir. 1993), the military law enforcement agents went off-base to "sting" military personnel, not civilians. And while they searched the civilian wife of one of the enlisted men that was the subject of the "sting" operation, removed her to the military base, and subjected her to a partial strip search, it was the enlisted man, "not the military, [who] was responsible for the involvement of his civilian wife."

In the case at bar, the acts that were investigated by the CID agents were not committed by an active member of the military but by a civilian independent contractor of Docupak, a private company, nor were they performed inside any military facility. Additionally, the investigation was not conducted by CID agents in conjunction with any civilian law enforcement agency but rather by the CID exclusively. Thus, *Chon* and *Applewhite* are clearly inapposite to the

case at bar and lend no support to the mistaken conclusion reached by the court below.

The Court should be mindful that the CID investigation regarding the National Guard Recruiting Assistance Program ("G-RAP") was a clear abuse of the limited military investigative authority that ruined many lives and adversely affected countless military careers. It has been under a thorough review that has already led to much needed corrective action. Please refer to the official press release issued on November 3, 2022 entitled "Army initiates corrections to criminal database", which can be found at [https://www.army.mil/article/261694/army_initiates_corrections_to_criminal_database](https://www.army.mil/article/261694/army_initiates_corrections_to_criminal_database), and the related information found at [https://www.cid.army.mil/crc.html](https://www.cid.army.mil/crc.html).[1] Given that undeniable reality, the Appellee may not be allowed to shield itself from liability behind the discretionary function exception that is clearly inapplicable to the facts of this case.

---

[1] Courts may take judicial notice of information from an official government website that is "not subject to reasonable dispute." *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (citing with approval *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003)) (taking judicial notice of information found on the CDC website)).

## IV. Conclusion

The preceding discussion shows that the Appellee's arguments in defense of the appealed Order and Judgment are unavailing. Hence, they should be reversed. Appellants so move.

## V. Certificate of Compliance

Pursuant to FRAP 32(a)(7)(C), it is hereby certified that, according to the word processing program, the preceding Brief has 1,315 words and 143 lines of text in 14-point proportionally spaced Bookman Old Style typeface.

## VI. Certificate of Service

I HEREBY CERTIFY: that on this same date I electronically filed the foregoing Reply Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted, in San Juan, Puerto Rico, on April 18, 2023.

| | |
|---|---|
| P. O. Box 22763, UPR Station<br>San Juan, PR 00931-2763<br>Tel. (787) 620-0527<br>Fax (787) 620-0039 | *s/ Guillermo Ramos Luiña*<br>GUILLERMO RAMOS LUIÑA<br>CA No. 20918<br>gramlui@yahoo.com |